**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

    Bridgette Norris,                    Chapter 7
                                         Case No.  15-26458 (CMG)

          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

William H. Oliver, Jr., Esq.
Attorney for Debtor

Trenk, DiPasquale, Della Fera & Sodono, P.C.
Andrea Dobin, Esq.
Chapter 7 Trustee

**CHRISTINE M. GRAVELLE, U.S.B.J.**

    I.      Introduction

This matter raises the issue of whether an inherited individual retirement account, which

names debtor, Bridgette Norris ("Debtor") as beneficiary, constitutes property of the bankruptcy

estate.  In her schedules, which she amended twice, Debtor asserts both an exemption and an

exclusion from her estate of her interests in pension funds, including an inherited IRA (the

"Inherited IRA").  The Chapter 7 Trustee, Andrea Dobin ("Trustee") objects to both assertions

and requests a ruling that the Inherited IRA is property of the estate, which has not been properly

exempted.  For the reasons set forth below, the objection is denied and the Inherited IRA is

deemed excluded from the bankruptcy estate.

II.       Jurisdiction and Venue

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, as

amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper in

this Court pursuant to 28 U.S.C. § 1408.  Pursuant to Fed. R. Bankr. P. 7052, the Court issues the

following findings of fact and conclusions of law.

III.       Procedural History and Relevant Facts

Debtor filed a Chapter 7 bankruptcy petition on August 31, 2015.  Five months before the

filing, Debtor's stepmother passed away, leaving the Inherited IRA naming Debtor as

beneficiary.   Schedules B and C, included with Debtor's initial filing, listed a "Pension 401K"

as property of the estate and exempted it under 11 U.S.C. § 522(d)(12).  The record is unclear

whether the entry "Pension 401K" included the Inherited IRA.

The Trustee objected to the claimed exemption questioning whether Debtor was

attempting to exempt the Inherited IRA.  In response, Debtor amended Schedules B and C to

specifically list the Inherited IRA with a value of $33,900, claiming it to be fully exempt under

11 U.S.C. § 522(d)(12).  Debtor again amended her schedules, again listing the Inherited IRA,

but this time claiming that the Inherited IRA was "[n]ot part of [the] Estate under in re: Yuhas

and in re: Andolino," (a reference to a Third Circuit opinion and a decision of the Bankruptcy

Court of the District of New Jersey).  Further, she continued to fully exempt the Inherited IRA

under 11 U.S.C. § 522(d)(12).

At the initial hearing on this matter, the Court granted an adjournment to give the parties more time to provide and review documents. The Trustee subsequently filed a Notice of Assets in the case based on the Inherited IRA, and both parties have been given ample time to further brief this issue. After reviewing those briefs and the related oral arguments of the parties, the Court is prepared to rule.

IV.  Discussion

The filing of a bankruptcy petition under Title 11 creates an estate comprised of "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The exception relevant here is subsection (c)(2), which states that, "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

The applicable non-bankruptcy law is N.J.S.A. 25:2-1(b) (the "Statute"), which provides that:

> Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from the estate in bankruptcy
>
> *     *     *     *
>
> For the purposes of this section, a "qualifying trust" means a trust created or qualified and maintained pursuant to federal law, including, but not limited to, section . . . 408 . . . of the federal Internal Revenue Code of 1986 (26 U.S.C. . . . 408 . . .).

N.J.S.A. 25:2-1(b).

The Third Circuit held that the Statute operates to exclude IRAs from the bankrupt estate. *See* In re Yuhas, 104 F.3d 612 (3d. Cir. 1997). This exclusion must be distinguished from the exemption afforded to IRAs by the Code itself. *See* 11 U.S.C. § 522(b)(3)(c) (retirement funds

exempt from taxation under IRC exempt from property of estate).  The latter assumes IRAs are

property of the estate, subject to the exclusion, while the In re Yuhas opinion effectively operates

to prevent IRAs from ever becoming estate property.  Because of the Statute and its application

by the Third Circuit in In re Yuhas, the exemption afforded by the Code is not applicable to this

Court's decision.  Instead, our analysis must begin with the wording of the Statute itself, which

includes trusts qualified and maintained pursuant to 26 U.S.C. § 408 of the Internal Revenue

Code (the "IRC").

Section 408 of the IRC defines an "individual retirement account" as "a trust" that is

"created or organized in the United States for the exclusive benefit of an individual or his

beneficiaries" and that meets the following requirements:

1) Except in the case of a rollover contribution . . . no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A).
2) The trustee is a bank . . . or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.
3) No part of the trust funds will be invested in life insurance contracts.
4) The interest of an individual in the balance in his account is nonforfeitable.
5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.
6) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

26 U.S.C. § 408(a).  "IRAs that meet these requirements are said to be 'qualified' and receive

favorable federal income tax treatment."  In re Yuhas, 104 F.3d 612, 613 (3d Cir. 1997), *citing*

26 U.S.C. § 408(d), and (e).

The Third Circuit articulated a 5 part test to determine whether an IRA is excluded from

the bankruptcy estate under section 541(c)(2) finding that:

1)    the IRA must constitute a "trust" within the meaning of 11 U.S.C. §

> 541(c)(2);
> 2)    the funds in the IRA must represent the debtor's "beneficial interest" in that trust;
> 3)    the IRA must be qualified under Section 408 of the Internal Revenue Code;
> 4)    the provision of N.J.S.A. 25:2-1 stating that property held in a qualifying IRA is "exempt from all claims of creditors" must be a "restriction on the transfer" of the IRA funds; and
> 5)    this restriction must be "enforceable under nonbankruptcy law."

In re Yuhas, 104 F.3d at 614.  The In re Yuhas court focused on the fourth and fifth factors and examined the statutory definition of "transfer" under 101(54).   The court held that "[a]ny procedure by which funds in an IRA might be reached to satisfy the 'claims of creditors' (N.J.S.A. 25:2-1(b)) would seem to fall within this broad definition and thus constitute a 'transfer'."  *See* In re Yuhas, 104 F.3d at 614-15.  The Third Circuit concluded that N.J.S.A. 25:2-1(b) is a restriction on transfer.  The "restriction" was clearly enforceable under the Statute, thereby satisfying the fifth factor.

The Third Circuit's discussion of the fourth and fifth factors for determining whether an IRA is excluded from a bankruptcy estate by operation of the Statute is equally applicable to inherited IRAs.  Additionally, this Court is satisfied that first and second factors are satisfied. Though the Bankruptcy Code does not define the term "trust", the Restatement defines it as "a fiduciary relationship with respect to property, subjecting the person by whom title to the property is held to equitable duties to deal with the property for the benefit of another person." Restatement (Second) of Trusts § 2 (1987).  The funds in the Inherited IRA represent Debtor's "beneficial interest" in the trust.  Debtor was named as the beneficiary of her stepmother's IRA and, following her stepmother's death, placed the Inherited IRA with Mutual of America in an account titled "Individual Retirement Annuity Contract – Inherited."  The account is held in Debtor's name "as beneficiary of Rosalie Davis."  The Mutual of America annuity contract

adopts the restrictions set forth in section 408 of the IRC.  The first and second <u>Yuhas</u> elements

are therefore present.

Thus, the only remaining issue for its inclusion under the Statute, and to satisfy the third

<u>Yuhas</u> factor, is whether the Inherited IRA is "created or qualified and maintained under federal

law."  Due to the different natures of an IRA and an inherited IRA, analysis beyond that which

was performed by the <u>In re Yuhas</u> court is required to determine whether the change from IRA to

inherited IRA also changes that asset's status as "qualifying" under the Statute.

Though the Third Circuit did not address inherited IRAs in <u>In re Yuhas</u>, section 408 of

the IRC, as referenced in the Statute, includes inherited IRAs, stating:

> Inherited individual retirement account or annuity.  An individual retirement
> account or individual retirement annuity shall be treated as inherited if-
>
> (I)      the individual for whose benefit the account or annuity is maintained
>          acquired such account by reason of the death of another individual, and
> (II)     such individual was not the surviving spouse of such other individual.

26 U.S.C. § 408(d)(3)(C)(ii).

There are significant distinctions between an IRA and an inherited IRA.  The Supreme

Court noted three key differences between the two types of assets:

> First, the holder of an inherited IRA may never invest additional money in
> the account.  26 U.S.C. § 219(d)(4) . . . [f]or where inherited IRAs
> categorically prohibit contributions, the entire purpose of traditional and
> Roth IRAs is to provide tax incentives for accountholders to contribute
> regularly and over time to their retirement savings.
>
> Second, holders of inherited IRAs are required to withdraw money from
> such accounts, no matter how many years they may be from retirement.
> Under the Tax Code, the beneficiary of an inherited IRA must either
> withdraw all of the funds in the IRA within the five years after the year of
> the owner's death or take minimum annual distributions every year.  *See*
> 408(a)(6); 401(a)(9)(B); 26 CFR 1.408-8 (Q-1 and A-1(a) incorporating
> 1.401(a)(9)03 (Q-1 and A-1(a))) . . .
>
> Finally, the holder of an inherited IRA may withdraw the entire balance of
> the account at any time- and for any purpose- without penalty.  Whereas a
> withdrawal from a traditional or Roth IRA prior to the age of 59 ½ triggers

                a 10 percent tax penalty subject to narrow exceptions . . . there is no
similar limit on the holder of an inherited IRA.

Clark v. Rameker, 134 S. Ct. 2242, 2247 (2014).   The ultimate holding of Clark was that

inherited IRAs cannot be considered "retirement funds" for the purposes of the Bankruptcy

Code.  The Clark Court noted that inherited IRA's do not serve the purpose of traditional and

Roth IRAs, which is to provide tax incentives for accountholders to contribute regularly and over

time to their retirement savings.  Id.

       While the tax treatment afforded IRAs differs from the treatment afforded inherited

IRAs, section 408 nevertheless creates significant tax benefits for inherited IRAs, albeit for

purposes less-related to retirement.  An inherited IRA beneficiary can retain the significant tax

shelter that the IRA provides by choosing to allow the undistributed assets to grow while

deferring tax treatment.  *See* 26 U.S.C. § 408(e).  Further, the beneficiary can designate his or her

own IRA beneficiary, thereby adding a valuable resource to his or her own estate plan.

       As set forth above, the IRC defines an IRA as "a trust" that meets six requirements. *See*

26 I.R.C. § 408(a).  The parties did not directly address these requirements as they relate to an

inherited IRA.  The Trustee did not address which, if any, of the six requirements of section

408(a)(1)-(6) that the Inherited IRA does not satisfy.  However, the Mutual of America annuity

contract provided by Debtor appears to demonstrate compliance with requirements two through

six.  The first requirement, which addresses when contributions to an IRA will not be accepted,

is arguably redundant when applied to an inherited IRA since the IRC prohibits holders of

inherited IRAs from making contributions.  *See* Clark v. Rameker, 134 S. Ct. at 2247.  Since no

contributions to an inherited IRA are accepted, the first requirement is not inconsistent.  So, as

the Inherited IRA meets all of the section 408(a) requirements, it is a trust as contemplated by

section 408 of the IRC and therefore is qualified under N.J.S.A. 25:2-1(b) as per Yuhas.  In re

Yuhas, 104 F.3d at 613; *but see* In re Clark, 450 B.R. 858, 864 (Bankr. W.D. Wis.

2011)(inherited IRA does not seem to meet IRC 408(a) criteria listed), *rev'd and remanded on*

*other grounds*, 466 B.R. 135 (W.D. Wis. 2012); *rev'd* 714 F.3d 559 (7th Cir. 2013), *aff'd* Clark v.

Rameker, 134 S.Ct. 2242 (2014).

Section 408 of the IRC recognizes circumstances in which an IRA can be treated as

"inherited." *See* 26 I.R.C. § 408(d)(3)(C). It does not provide that an IRA, once inherited, is no

longer a trust. The IRC does not state that an IRA, once inherited, is no longer an IRA. Section

408(d)(3), the only subsection of 408 to address inherited IRAs, simply denies rollover treatment

for those accounts. However, the fact that inherited IRAs are identified and provided with less

favorable treatment does not disqualify those assets as a whole, it merely serves to specify, for

the purposes of section 408, that inherited IRAs are a subset of IRAs for which there are specific

provisions. The Inherited IRA, then, satisfies the third factor noted by the Third Circuit in that it

is "qualified under section 408 of the IRC." *See* In re Yuhas, 104 F.3d at 613. In addition, it is

a "qualifying trust" as defined by the Statute. *See* N.J.S.A. 25:2-1(b).

The Trustee cites to the Supreme Court's analysis in Clark v. Rameker to support her

position that an inherited IRA is so distinct from an IRA as to lead to the conclusion that an

inherited IRA cannot qualify under section 408(a). While the Supreme Court's decision and

underlying reasoning makes logical sense, we find it to be of limited applicability to this case. In

Clark, the debtor claimed an exemption for his inherited IRA under the Code. Here, the

exemption is not applicable as the Inherited IRA is not property of the estate. This Court must

be guided by the Statute and the Third Circuit law that interprets it. If an inherited IRA is a

"qualifying trust" under the Statute, it is not property of the estate, regardless of whether the

asset constitutes "retirement funds" under the Section 522 exemption statute and regardless of

the different tax treatment and purposes when compared to an IRA.

This holding is further informed by the analysis of the only court in this district to have

directly considered the issue at bar.   *See* In re Andolino, 525 B.R. 588 (Bankr. D.N.J. 2015)

(finding an inherited IRA to be a qualifying trust and not property of the bankruptcy estate).  The

Andolino court reviewed the opinion of the U.S. Supreme Court in Clark v. Rameker and noted

that the Clark holding does not automatically lead to the conclusion that an inherited IRA is no

longer a qualifying trust.  Id. at 592-93.   Andolino reasoned that "when an IRA is inherited it

merely becomes subject to a new set of rules governing the tax treatment and disposition of the

underlying funds, as opposed to losing its trust designation completely."  Id. at 593.  The court

was persuaded by the fact that section 408 provided for beneficial tax implications for an

inherited IRA, specifically that inherited IRAs are "still protected from taxation for a time period

that is provided under the IRC."  Id. (quoting In re Thiem, 443 B.R. 832, 843 (Bankr. D. Ariz.

2011)).  Further, it noted that section 408 did not affirmatively include a provision terminating an

IRA's qualified trust status upon inheritance by a beneficiary.  In re Andolino, 525 B.R. at 593.

We find the holding of In re Andolino to be consistent with our reading of the applicable

caselaw and statutes.  We revisit the language of Yuhas, which stated "IRAs that meet these

requirements are said to be 'qualified' and receive favorable federal income tax treatment."  In re

Yuhas, 104 F.3d at 613 (emphasis added).  26 U.S.C. § 408(e)(1) allows that, "[a]ny individual

retirement account is exempt from taxation under this subtitle [26 USCS 1 et seq.] unless such

account has ceased to be an individual retirement account by reason of paragraph (2) or (3)."[1]

As set forth above, the holder of an inherited IRA retains the significant tax shelter that an IRA

---

[1] 26 U.S.C. § 408(e)(2) relates to employees engaging in prohibited transactions.  26 U.S.C. § 408(e)(3) relates to
borrowing on an annuity contract.  Neither are applicable to the matter at bar.

can provide by choosing to allow the undistributed assets to grow with the added benefit of

deferred tax treatment.  The holder can choose to grow the assets as part of his or her own estate

plan and designate new beneficiaries for the inherited IRA.

The Trustee notes that certain courts have questioned the reasoning of opinions like In re

Thiem and In re Andolino, that utilize 408(e) in support of a finding that inherited IRAs are tax

exempt.  The IRS publications and regulations cited "seemingly infer that *some* 'inherited IRAs'

are tax exempt without referencing a primary legal source," and thus, the court found that the

lack of a direct legal authority prevented it from concluding "that the debtors' inherited IRA is

governed by IRC 408 or is tax exempt under that section" In re Davis, 450 B.R. at 864-65.  We

reject this argument.  The In re Thiem court cited to a United States Tax Court memorandum

opinion which noted the availability of trustee-to-trustee nontaxable transfers, and stated that,

"[a] taxpayer is not treated as having received a taxable distribution from an IRA if funds in the

IRA are transferred from one account trustee directly to another account trustee without the IRA

owner or beneficiary ever gaining control or use of the funds."  In re Thiem, 443 B.R. 832 at 839

(citing Jankelovits v. C.I.R., T.C. Memo. 2008-285, 2008 WL 5330811 (U.S. Tax Ct. 2008)).

Here, debtor availed herself of such a trustee-to-trustee transfer.  The combination of the

language of section 408(e) in conjunction with IRS publications and regulations and the

Jankelovits case cited by In re Thiem are sufficient to establish the tax exempt status of inherited

IRAs.

The Trustee has cited to a legion of caselaw from throughout the country that has

concluded that an inherited IRA is not exempt from the estate under 11 U.S.C. § 522(b)(3)(C),

which exempts, "retirement funds to the extent that those funds are in a fund or account that is

exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal

Revenue Code of 1986." These cases provide limited persuasive value to the matter at bar. As

noted by the Trustee, they focus on whether an inherited IRA may be exempted in the

bankruptcy, not whether the asset constitutes property of the estate in the first place. However,

she submits that it is implicit in such a ruling that there has been a predicate finding that the

inherited IRA constituted property of the estate. Even assuming that each of the cited cases

performed such analysis, section 541(a)(2) directs each court to apply the applicable non-

bankruptcy law of its state. The Statute requires that an inherited IRA be qualified and

maintained under section 408. The Statute itself restricts transfer. *See* In re Yuhas, 104 F.3d at

614-15. The Trustee has not demonstrated that the Inherited IRA does not comply with any

requirement of section 408(a)(1)-(6). Though she has thoroughly illustrated the distinction

between an IRA and an inherited IRA, she has not cited to any part of section 408 that

disqualifies an inherited IRA's trust status.

We would be remiss if we did not comment on how this ruling conflicts with the

significant policy concerns outlined in Clark v. Rameker. Though decided in the context of

bankruptcy exemptions versus property of the estate, the concern articulated by Justice

Sotomayor is no less applicable here:

> [I]f an individual is allowed to exempt an inherited IRA from her
> bankruptcy estate, nothing about the inherited IRA's legal characteristics
> would prevent (or even discourage) the individual from using the entire
> balance of the account on a vacation home or sports car immediately after
> her bankruptcy proceedings are complete. Allowing that kind of
> exemption would convert the Bankruptcy Code's purposes of preserving
> debtors' ability to meet their basis needs and ensuring that they have a
> "fresh start," into a "free pass."

Clark v. Rameker, 134 S. Ct. at 2248. The determination that an inherited IRA is not property of

the estate has the potential to similarly provide a "free pass" to debtors in this district. It is

difficult to envision a reasonable policy explanation for such a result.  Nevertheless, *stare decisis*

provides instruction for interpretation of the Statute as set forth herein.

V.      Conclusion

    The Inherited IRA constitutes a "qualifying trust" under N.J.S.A. 25:2-1(b), and is

therefore excluded from Debtor's bankruptcy estate.  The Trustee's objection to Debtor's

exemption is denied.  The Court will enter an order consistent with this decision.


Dated:  5/20/16                                    /s/Christine M. Gravelle
                                                   United States Bankruptcy Judge